IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JOHNNY FINN                              *

    Plaintiff,                           *

        v.                            *        1:06-CV-806-MEF
                                        (WO)

WILLIAM MCCARTHY, *et al.*,              *

    Defendants.                          *

_____


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Johnny Finn ["Finn"], an inmate incarcerated at the Houston County Jail,

filed this  42 U.S.C. § 1983  on September 7, 2006. He complains that Defendants, Jail

Administrator William McCarthy and Sergeant Bonnin, improperly confiscated his personal

property on August 18, 2006.   Finn requests that the personal items taken be returned to

him. Upon review of the complaint,  the undersigned concludes that dismissal of this case

prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] *See Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened
in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court
to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous,
malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant
who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. FACTS

Finn complains that Defendants improperly confiscated property from his cell during the early morning hours of August 16, 2006. As justification for removing the property, Defendants informed Finn that he could not "run a store" from his cell. Finn contends that there is no rule or regulation in the Inmate Handbook prohibiting inmates from running a store out of their cell or forbidding inmates from leaving their personal property with other inmates upon their departure from the Houston County Jail. According to Finn, the latter scenario accounted for his abundance of personal property. Defendants neither sanctioned nor disciplined Finn for the conduct about which he complains. Finn further states that Defendants gave him back $25.00. (Doc. No. 1.)

## II. DISCUSSION

The court understands Finn to complain that Defendants' allegedly improper confiscation of his property violated his right to due process. Insofar as Finn's complaint about the allegedly improper confiscation of his property is concerned, the court finds that under no set of facts is he entitled to relief.

> "If the [property from Plaintiff's cell] was not returned because of [Defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Defendants] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute

> a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendants] acted without authorization. If [Defendants] w[ere] acting pursuant to authorization, [their] actions would be within the outer perimeter of [their] duties and would not have violated any clearly established constitutional right and therefore [they] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Defendants] w[ere] acting in bad faith outside the scope of [their] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Defendants violated his due process rights by improperly confiscating his personal property,

whether such was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 25, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of September 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE